(No. 5247-)

MEYER MACHINE, INC., A Corporation, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed July 9, 1970.*

SMITH, PENNIMAN AND McGREEVY, Attorney for Claimant.

WILLIAM J. CLARK, Attorney General; MORTON L. ZASLAVSKY and ETTA COLE, Assistant Attorneys General, for Respondent.

PERLIN, C.J.

Claimant's action arises out of a contract entered into between claimant and respondent on August 21, 1963, which provided that claimant furnish and erect certain traffic signs and concrete foundations therefore on Route 55 in Sangamon County, Illinois. The undisputed evidence shows that claimant completed the work required by the contract in February or March, 1964.

In Count I of its amended complaint claimant seeks recovery for sixty-four items of work performed by it in completing the original contract, and requests an additional $14,862.66. The parties have stipulated that the amount owed to claimant should take into account a penalty of $1,000.00 for claimant's failure to meet the completion date of the contract. It was, therefore, agreed by both parties that respondent owes claimant $13,812.66 under Count I.

The questions remaining arise under Counts II, III and IV of claimant's complaint.

As part of the original contract a sign had been erected on concrete foundations. After claimant had moved all of its men, materials, and equipment out of the area, and its work was complete except for minor maintenance work, respondent decided that the location of the sign was unsatisfactory, and that it should be moved to a new location. On April 2, 1964, respondent authorized claimant to proceed with changing the plans. Its written authorization specifies quantities of additional work and unit prices therefore. The additional work is described as follows: "Force account work for removing overhead truss, re-erecting on new foundation, and removing portions of old foundation."

Count II is claimant's claim for such portion of additional work detailed as items 75 through 176. Respondent admits that it owes $4,037.64 under Count II, but disputes items 168 through 175 in the amount of $1,737.75, which are listed as follows:

"168. Costs incurred by Contractor due to the Force Account and Revisions: work within the Contract during the period of April 1 thru June 25, 1964:

| | |
|---|---:|
| 169 Administrative Executive Salary | |
| 96 hours at $6.50 | $624.00 |
| 170 Secretary | |
| 33 hours at $4.85 an hour | 160.05 |
| 171 Telephone Bills, misc. | 206.20 |
| 172 Field Foreman's living expenses | |
| 47 days at $10.00 a day | 470.00 |
| 173 Truck on job site (Inactive) | |
| 15 days at $8.50 a day | 127.50 |
| 174 Field Office Rent | |
| 2 months $75.00 per month | 150.00 |
| Total | $1,737.75" |

Article 9.4 of the agreement provides for payment for extra work:

ARTICLE 9.4 PAYMENT FOR EXTRA WORK. . .

1. Extra work will be paid for as follows:

(a) Labor. The Contractor will be paid the actual amount of wages for all labor and foreman in direct charge of the specific work for each hour that said

labor and foreman are actually engaged in such work, to which costs shall be added 15 per cent of the sum thereof. A foreman shall not be used when there are less than 2 laborers employed, except with the written consent of the Engineer.

(b) Bond, Insurance, Tax, Welfare Fund and Other Payments. The Contractor will receive the actual cost of contractor's bond, public liability and property damage insurance, workmen's compensation insurance, social security tax, welfare fund and other payments, if any, in accordance with agreements applicable to the contract, required for force account work, to which no percentage shall be added. The Contractor shall furnish satisfactory evidence of the rate or rates paid for such bond, insurance, tax, welfare fund and other payments.

(c) Materials. The Contractor will receive the actual cost for all materials which are an integral part of the finished work, including freight charges as shown by the original receipted bills, to which shall be added 15 per cent of the sum thereof.

The Contractor will be reimbursed for any materials used in the construction of the work, such as sheeting, falsework, form lumber, curing materials, etc., which are not an integral part of the finished work. The amount of reimbursement shall be agreed upon in writing before such work is begun and no per cent shall be added. The salvage value of such materials shall be taken into consideration in the reimbursement agreed upon.

Respondent contends that Article 9.4 specifies that the Contractor will be paid the actual amount of wages for all labor and foremen "in direct charge of the specific work", and that neither the administrative executive nor the secretary (items 169 and 170) were directly involved in the specific work of re-erecting Truss No. 2 (the support for the sign). Respondent contests the amount in item 172, because the contract expressed hourly compensation for foremen, but was silent as to other compensation, and, therefore, respondent argues it must be implied that this is excluded. Respondent states that there is no category in Article 9.4, which would provide for telephone calls in item 171.

Item 173 concerns a claim for the rental of a truck on the job site, which was described by claimant as "inactive". Respondent claims that the rent for the field office (item 174) was already paid for by the State under the original contract. (Rec. II pp. 14 and 15)

Claimant contends that the expenses enumerated in items 168 through 175 are actual damages incurred because

of the change in plan and the errors of the State, and the claimant should be reimbursed. Claimant argues that the amount of $1,737.75, which was incurred for these items would have been absorbed in the bidding of the original contract.

Claimant cites *Divane Brothers Electric Co., A Corporation, vs. State of Illinois,* 22 C.C.R. 546, which allowed actual expenses for delay occasioned by change in plans made by the State. In that case recovery was allowed for expenses not originally anticipated, including overhead, labor increases and insurance, material increases, lost time, and supervision. However, in the instant case, claimant did not prove by a preponderance of the evidence that items 169 (the administrative executive), 170 (the secretary), or 171 (the telephone and xerox paper charge) pertained to the particular job. There was no proof that the truck was needed at the site because it was never used (item 173). However, claimant is entitled to be compensated for the living expenses of the field foreman and rent for the field office, (items 172 and 174) for a total of $620.00 of the disputed items under Count II.

Under Count III, claimant is requesting an additional award of $4,110.65 for the additional concrete foundations. Respondent argues that, since concrete foundations appear in the original contract at a unit price basis of $60.00 per cubic yard of concrete, payment for the additional concrete foundations should also be made at the unit price. Claimant takes the position that it should be allowed the difference between the unit price and the price computed on a labor, materials and equipment basis under Article 9.4 as "Payment for Extra Work."

The evidence leads to the inescapable conclusion that, since the request to move the signs was not made until all of claimant's men and equipment had been moved out of the

area, and the original contract had been completed, there was a substantial and material variation from the original contract requiring payment to the contractor on a force account basis rather than a unit price basis.

The extra work was occasioned solely by the State's failure to properly plan the location of the sign in the first instance. The Court has frequently awarded additional payments where changes in plans by the State have resulted in extra expenses to the contractor. *Matthew M. Walsh and John J. Walsh, a Co-Partnership, d/b/a Walsh Construction Company, vs. State of Illinois,* 24 C.C.R. 441; *Hyre Electric Company, An Illinois Corporation, vs. State of Illinois,* 22 C.C.R. 554; *Chism, Inc., A Delaware Corporation, vs. State of Illinois,* No. 5313; *Mass Construction Company, A Delaware Corporation, vs. State of Illinois,* No. 5254.

The Court has never awarded interest, which is also requested by claimant, and there seems to be no basis in the Mechanic's Lien Act for levying interest on the State of Illinois. Therefore, claimant's request for $5,677.17 in interest must be rejected.

Claimant is hereby awarded the following:

Count I .................. $13,812.66 (stipulated)
Count II.................. 4,037.64 (stipulated)
 620.00
Count III ................ 4,110.65

Total .................... $22,580.95